UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MARK GROVE, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18 CV 348 |
| | ) |
| STATE FARM MUTUAL | ) |
| AUTOMOBILE INSURANCE, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant State Farm Mutual Automobile Insurance's ("State Farm") motion for summary judgment. (DE # 15.) For the reasons that follow, defendant's motion will be denied.

## I. BACKGROUND

This matter arises from a motor vehicle accident that took place on August 18, 2016, in Hobart, Indiana. (DE # 3.) Plaintiff, Mark Grove, alleges that he was involved in a hit-and-run accident wherein his vehicle was struck from behind by a vehicle driven by an unknown individual. (*Id.*) Grove claims that he sustained personal injury and property damage as a result of the collision. (*Id.*) He claims that his insurance policy with State Farm provided coverage for uninsured, or unidentified, motorists, and he presently seeks compensation from State Farm. (*Id.*)

State Farm has moved for summary judgment. (DE # 15.) State Farm argues that the evidence demonstrates that Grove was not involved in a motor vehicle accident

with an unidentified driver on August 18, 2016, and is therefore not entitled to uninsured motorist coverage under his policy with State Farm. (DE # 16 at 13.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In responding to a motion for summary judgment, the non-moving party must identify specific facts establishing that there is a genuine issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986); *Palmer v. Marion County*, 327 F.3d 588, 595 (7th Cir. 2003). In doing so, the non-moving party cannot rest on the pleadings alone, but must present fresh proof in support of its position. *Anderson*, 477 U.S. at 248; *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The court's role in deciding a summary judgment motion is not to evaluate the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249-50; *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). In viewing the facts presented on a motion for summary judgment, a court

must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995).

III. **ANALYSIS**

After a thorough review of the parties' arguments and the record, the court concludes that the evidence, viewed in a light most favorable to Grove, reveals genuine issues of material fact, including but not limited to the question of how the damage to Grove's vehicle occurred. It is up to a fact-finder, and not this court, to assess the credibility of the evidence. Therefore, the court must deny State Farm's motion for summary judgment.

Defendant has also moved to strike certain opinions in plaintiff's expert's supplemental expert report and testimony. (DE # 22.) Motions to strike are usually only granted in circumstances where the contested evidence causes prejudice to the moving party. *Kuntzman v. Wal-Mart*, 673 F.Supp. 2d 690, 695 (N.D. Ind. 2009). That is not the case here. There is no need to strike the challenged evidence because this evidence was not considered in the resolution of State Farm's motion for summary judgment. Therefore, the motion to strike will be denied as moot.

IV. **CONCLUSION**

For these reasons, the court **DENIES** defendant State Farm Mutual Automobile Insurance Company's motion for summary judgment. (DE # 15.) The court also **DENIES** defendant's motion to strike. (DE # 22.) The court **ORDERS** the parties to file

a joint status report regarding their willingness to engage in a settlement conference before a Magistrate Judge by **February 19, 2020**. A trial date will be set under a separate order.

**SO ORDERED.**

Date: February 5, 2020

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT